JAMES L. FISK and Wife *vs.* JACOB H. STEWART.

August 13, 1877.

Mortgage—Deed from Holder of Legal Title, to Secure Loan to Holder of Equitable Title.—When the real nature of a transaction between parties is confessedly that of a loan of money advanced upon the security of real estate granted to the party making the loan, whatever the form of the instrument taken as the security, it is always treated in equity as a mortgage. It is none the less such that the loan is made wholly upon the security, and without any personal obligation on the part of the borrower. Neither is it at all important as affecting the rights and obligations of the party taking the conveyance that he received it from another, who happens to hold the legal title, instead of the borrower, in whom is vested the equity of redemption, so that it is obtained at the instance and request of the latter, and for his benefit.

Same—When Renewed by Payment of Interest, so as to Stay the Statute of Limitations.—Where one of the conditions of a loan made upon real property, and the transfer of the legal title thereto as security, is, that it may stand as long as the borrower may desire, upon the annual interest being kept paid up, each successive annual payment and receipt of the interest operates as a renewal of the agreement, and keeps alive both the right of foreclosure and of redemption, as against the statute of limitations.

This was an action begun in the district court for Ramsey county, September 30, 1875, wherein the plaintiffs demanded

that a conveyance of certain premises to the defendant be decreed a mortgage, and that an account be had of the income and profits of the land. The defendant demurred, but the court, *Brill,* J., presiding, overruled the demurrer, and the defendant thereupon appealed.

*Horn & Billson* and *Bigelow, Flandrau & Clark,* for appellant.

A court of equity will not decree an absolute deed to be a mortgage, upon a parol agreement, in the face of the statute of frauds. Gen. St. *c.* 41, tit. 2, § 10. In that forum it can only be shown by parol proof that certain facts and circumstances existed outside of the unwritten agreement, such as an indebtedness from the grantor to the grantee, for the purpose, not of varying the terms of the deed, but of establishing a paramount equity. *Hill* v. *Edwards,* 11 Minn. 5, (22;) *Morris* v. *Nixon,* 1 How. 119; 3 Lead. Cas. Eq. (3d Am. Ed.) 625. In this case, however, the relation of debtor and creditor never existed between the plaintiff and the defendant, but it is clear that if there ever was any legal obligation to repay the defendant the money paid by him to Bennett, John B. Murray was alone liable for the same. Neither had the plaintiffs any legal or equitable estate in the land at the time of the transaction with the defendant. Chase, the mortgagee, purchased, at the foreclosure sale, untrammeled by any understanding with the plaintiffs, and his title became absolute by operation of law, thereby extinguishing the title of James F. Murray, the mortgagor, and all those claiming under him, and barring all right or equity of redemption. It cannot be claimed that Chase's relation to the property as purchaser was afterwards changed to that of mortgagee. The parol agreement in relation to the conveyance of this land to Bennett is clearly contrary, not only to the statute of frauds, but also in violation of the statute of uses and trusts. Gen. Stat. *c.* 43, §§ 1, 7, 11. Moreover, the plaintiffs were under no legal obligation to pay Bennett the sum for which it is alleged he held the land as security. Neither are they aided by the lease between Bennettt and John B. Murray,

because the latter alone incurred any legal liability under that instrument, and if that transaction could be construed to be a mortgage, he alone could claim to hold the equity of redemption. *Hill* v. *Edwards,* 11 Minn. 5, (27.) In the absence of all fraud and mistake, however, this lease should be taken to reflect the true intention of the parties, and should be accorded its natural legal effect. *Stewart* v. *Murray,* 13 Minn. 429; *Flagg* v. *Mann,* 14 Pick. 467, 476–7; *Capen* v. *Richardson,* 7 Gray, 364; *The People* v. *Irwin,* 18 Cal. 117; *Hooper* v. *Bailey,* 28 Miss. 328; *Slowey* v. *McMurray,* 27 Mo. 113; *Glover* v. *Payn,* 19 Wend. 518; *Cook* v. *Eaton,* 16 Barb. 429. The allegation that John B. Murray acted as the agent of the plaintiffs, would seem to be controverted by the facts, as set up in the complaint, and it would appear to be established that there was an utter abandonment by the plaintiffs of any interest they might have had; and an understanding that Murray alone should reap all the benefits, and bear all the burdens, of the transactions between him and Bennett on the one hand, and the defendant on the other. *Belote* v. *Morrison,* 8 Minn. 62, (87.)

In any event the plaintiffs are barred by the statute of limitations. A mortgagee in possession after condition broken is vested with a legal estate, and therefore cannot be dispossessed by an action of ejectment, or proceeding at law. *Jones* v. *Clark,* 20 John. 50; *Phyfe* v. *Riley,* 15 Wend. 248; *Pace* v. *Chadderdon,* 4 Minn. 390, (499.) In consequence of this doctrine the receipt of the rents and profits does not operate at law as a payment of the debt, or serve to divest the legal estate of the mortgagee. Resort, therefore, must be had to a court of equity to have the rents applied in payment and satisfaction of the mortgage, and hence it follows that the limitation of the right to redeem is applicable to this case. *Parson* v. *Wells,* 17 Mass. 419. As, therefore, the right to redeem and the right to foreclose are reciprocal and commensurable, (*King* v. *Meighen,* 20 Minn. 264,) and as the alleged debt became due on the day of its date, (January 18, 1862,) in the

absence of any fixed day of payment, and as the statute began to run from that time, (*Kennedy* v. *Williams*, 11 Minn. 219, (314;) Ang. on Lim., (5th Ed., 89, 90,) and as this suit was not commenced until more than ten years thereafter, (September 30, 1875,) it is clear that the action herein is barred.

Neither did the payment of the rent or interest necessarily take the debt out of the statute, (*Brisbin* v. *Farmer*, 16 Minn. 215, 216,) nor is that question material here, because now we are only concerned with the enforcement of an alleged mortgage, and not with the personal remedy upon the debt.

It is also to be noticed that the running of the statute was not stayed by the absence of the defendant from the state. *Parsons* v. *Noggle*, 23 Minn. 328.

*Gilman, Clough & Lane*, for respondents.

Neither the statute of frauds, nor the statute of uses and trusts, preclude the proof of the facts alleged in this complaint. It is now well established that courts of equity will admit parol evidence to show that a deed, absolute upon its face, was intended to be defeasible, upon the ground that the grantee will not be allowed to perpetrate such a fraud as to claim the property absolutely, when he had agreed, at the time of getting the deed, that it should be only a mortgage security. Coote on Mort. 24. Neither is it material that the conveyance should be made by the debtor, or him in whom the equity of redemption is to exist; nor that there should be any written or even personal obligation to pay the debt on the part of him who has the equity of redemption. *Taylor* v. *Luther*, 2 Sumn. 228–232, 3; *Jenkins* v. *Eldridge*, 3 Story, 181–293; *Flagg* v. *Mann*, 2 Sumn. 540; *Wyman* v. *Babcock*, 2 Curt. (C. C.) 386; *Bank* v. *Sprigg*, 1 McLean, 183–4; S. C. 14 Pet. 201; *Morris* v. *Nixon*, 1 How. 118; *Russell* v. *Southland*, 12 How. 139; *Babcock* v. *Wyman*, 19 How. 289; *Morgan* v. *Shinn*, 15 Wall. 105–110; *Pierce* v. *Robinson*, 13 Cal. 116; *Johnson* v. *Sherman*, 15 Cal. 287–291; *Campbell* v. *Dearborn*, 109 Mass. 130; *Tibbs* v. *Morris*, 44 Barb. 138; *Ryan* v. *Don*, 34 N. Y. 307; *McIntyre* v. *Humphreys*, 1

Hoff. Ch. 33; *Carr* v. *Carr*, 52 N. Y. 251; *Meehan* v. *Fanester*, Id. 277; *Strong* v. *Mitchell*, 4 John. Ch. 167; *Swart* v. *Servise*, 21 Wend. 36; *Hodges* v. *Ins. Co.* 8 N. Y. 416; *Slee* v. *Manhattan Ins. Co.* 1 Paige, 77; *Van Buren* v. *Olmstead*, 5 Paige, 10. A mortgage, being but a lien, does not fall within the statute of trusts. *King* v. *Merchants' Ins. Co.* 5 N. Y. 547; *Ryan* v. *Dox*, 34 N. Y. 307; *Astor* v. *L'Amoreux*, 4 Sandf. 524. And such parol evidence is admissible at law under the code of civil procedure. *Despard* v. *Walbridge*, 15 N. Y. 374–378; *Horn* v. *Kiteltus*, 46 N. Y. 605; *Stoddard* v. *Whiting*, Id. 627; *Fiedler* v. *Darrin*, 50 N. Y. 437; *Van Dusen* v. *Warrell*, 3 Keyes, 311; *Barrett* v. *Carter*, 3 Lansing, 68; *Saxon* v. *Hitchcock*, 47 Barb. 220; *Brown* v. *Dewey*, 1. Sandf. Ch. 56; *Hayworth* v. *Worthington*, 5 Blackf. 361; *Plato* v. *Roe*, 14 Wis. 453; *Kent* v. *Ayard*, 24 Wis. 378; *Holliday* v. *Arthur*, 25 Iowa, 19; *Moore* v. *Wade*, 8 Kan. 387; *Phœnix* v. *Gardner*, 13 Minn. 430; *Shays* v. *Norton*, 48 Ill. 100; *French* v. *Burnes*, 35 Conn. 359; *Brantley* v. *West*, 27 Ala. 542; 28 Ala. 226; 29 Ala. 254; *Johnson* v. *Clark*, 5 Ark. 321; 13 Ark. 112, 593; 18 Ark. 34; *Sweetland* v. *Sweetland*, 3 Mich. 482; *Vasser* v. *Vasser*, 23 Miss. 378; *Hogel* v. *Lindell*, 10 Mo. 483; 22 Mo. 77; 27 Mo. 116; *Miami Co.* v. *W. S. Bank*, Wright, (Ohio,) 252; *Nicols* v. *Reynolds*, 1 R. I. 30; *Arnold* v. *Mattison*, Rich. (S. C.) Eq. 153; *Lane* v. *Dickerson*, 10 Yerg. 373–376; *Hinson* v. *Partee*, 11 Humph. 587; *Ruggles* v. *Williams*, 1 Head, 141; *Hannay* v. *Thompson*, 14 Tex. 142; *Baxter* v. *Wiley*, 9 Vt. 276; *Hyndman* v. *Hyndman*, 19 Vt. 9; *Wright* v. *Bates*, 13 Vt. 341; *Hills* v. *Loomis*, 42 Vt. 562; *Richardson* v. *Woodbury*, 43 Me. 206; *Sweetzer's Appeal*, 71 Pa. St. 264; *Houser* v. *Lamont*, 55 Pa. St. 311; *Danzeisen's Appeal*, 73 Pa. St. 65; *Phillips* v. *Hulsizer*, 20 N. J. Eq. 308; *DeCamp* v. *Crane*, 19 N. J. Eq. 166; *Vandegriff* v. *Herbert*, 18 N. J. Eq. 466; *Crane* v. *Buchanan*, 29 Ind. 570; *Dwen* v. *Blake*, 44 Ill. 135; *Nickson* v. *Foney*, 3 Head. 655; *Nichols* v. *Cabe*, Id. 92. And when the purchaser of land at a judicial sale agrees to extend the time for redemption

beyond that allowed by law, the court will treat the transaction as a mortgage, and allow the party to redeem. *Pensoneau* v. *Pulliam*, 47 Ill. 58; *Hunter* v. *Hatch*, 45 Ill. 178.

In such cases the grantee must account for the rents and profits of the land, (*Burnard* v. *Jennison*, 27 Mich. 230; *Van Dusen* v. *Warrell*, 4 Abb. N. Y. App. 474; *Meehan* v. *Forrester*, 52 N. Y. 277; *Bauhger* v. *Merryman*, 32 Md. 185; *Russell* v. *Southard*, 12 How. 139; *Babcock* v. *Wyman*, 19 How. 289; *Borst* v. *Boyd*, 3 Sandf. Ch. 502,) and slight circumstances will be sufficient to determine the transaction a mortgage and not a sale, where the property has been transferred for much less than its real value. *McKinney* v. *Miller*, 19 Mich. 142; *Russell* v. *Southard*, 12 How. 139; *Conway* v. *Alexander*, 7 Cr. 218; *Wharf* v. *Howell*, 5 Binn. 503; *Webb* v. *Patterson*, 1 Humph. 435.

In conformity to the statute of limitations, courts of equity will presume that the mortgage debt has been paid, and the mortgage redeemed, where the mortgagor continues in possession after condition broken, during the whole period limited by the statute, without paying rent or interest, or admitting the existence of an outstanding mortgage debt. Under such circumstances, therefore, a bill to forelose on the part of the mortgagee will be barred in equity. *Giles* v. *Barremore*, 5 John. Ch. 545; 2 Story Eq. Jur. § 1028; 1 Wash. on Real Prop. [*549–*560.] But payment of rent, or interest, or any recognition of the debt, will, on the other hand, rebut the presumption that the mortgage has been redeemed, and will, therefore, remove the bar to a foreclosure. *Hughes* v. *Edwards*, 9 Wheat. 490; *Hyer* v. *Pruyn*, 7 Paige, 465. So, likewise, where the mortgagee holds adverse possession of the land during the statutory period, without recognizing that he holds under the mortgage, the presumption arises that the equity of redemption has been extinguished, and the action to redeem barred. *Ashton* v. *Milne*, 6 Sim. 378; 2 Story Eq. § 1028, a. b.

In this state the statute provides that every action to fore-

close a mortgage upon real estate must be commenced within ten years after the cause of action has accrued, (Gen. Laws 1870, *c*. 60,) and this provision, by analogy, is construed as limiting the time for a redemption, when the facts are such as to allow the statute to commence and to continue to run against such right. *King* v. *Meighen*, 20 Minn. 264. But this doctrine that the right to foreclose and the right to redeem are mutual and reciprocal, is subject to many exceptions, owing to special and peculiar facts in given cases. Thus where a note, secured by a mortgage, is payable on or before a specific date; or where, after condition broken, the mortgagee enters into possession of the property with the consent of the mortgagor. *Wells* v. *Pierce*, 4 Abb. N. Y. App. 559; *Waldo* v. *Rice*, 14 Wis. 286; *Hearst* v. *Pujol*, 44 Cal. 230. Long-continued possession by the mortgagee does not bar the right of redemption, if the mortgage is treated during all that time as a subsisting security, under which the mortgagee holds possession. 2 Story Eq. Jur. § 1028, *a*; *Dexter* v. *Arnold*, 1 Sumn. 109; *Ayers* v. *Waite*, 10 Cush. 72; *Chick* v. *Rollins*, 44 Me. 166; *Tripe* v. *Marcy*, 39 N. H. 439; *Monks* v. *Pell*, 1 John Ch. 594. Mere possession by the mortgagee will not be construed as adverse to the mortgage, (*Hammond* v. *Hopkins*, 3 Yerg. 525,) he being regarded, under such circumstances, as a trustee for the mortgagor.

The trust, therefore, must, in some manner, be repudiated by the mortgagee, in order to render the possession adverse, (*Morgan* v. *Morgan*, 10 Ga. 297; *Robinson* v. *Fife*, 3 Ohio St. 551; *Hearst* v. *Pujol*, 44 Cal. 230; *Barker* v. *White*, 58 N. Y. 205,) and the possession itself must be actual, and not constructive, (*Moore* v. *Cahle*, 1 John. Ch. 385,) and the mortgagor must have actual notice (*Haskell* v. *Bailey*, 22 Conn. 569) of such adverse holding.

But here the plaintiffs are clearly not barred, because there was no time fixed for the repayment of the mortgage debt, and, therefore, the statute would not begin to run until after a demand and refusal. *Hull* v. *Felton*, 105 Mass. 516; *Wil-*

*son* v. *Richards*, 1 Neb. 342; *Wright* v. *Shumway*, 1 Biss. (C. C.) 23; *Fenwick* v. *Reed*, 1 Merivale, 114; *Miller* v. *The Mayor*, 52 Barb. 653; *Wyman* v. *Babcock*, 2 Curt. (C. C.) 386; *Carr* v. *Carr*, 52 N. Y. 251; Ang. on Lim. § 461. In this case, therefore, the statute did not begin to operate until the defendant took adverse possession in 1869.

Again, it is a well-established principle of the common law, expressly preserved by our statute, that the payment of interest renews the period of limitation, and keeps the right of action alive; (Gen. St. c. 66, § 24; *Bank of Utica* v. *Ballou*, 49 N. Y. 155; *Miller* v. *Talcott*, 46 Barb. 167; *Picket* v. *King*, 34 Barb. 193; *Munro* v. *Potter*, Id. 358; *Shoemaker* v. *Benedict*, 11 N. Y. 176; *Winchell* v. *Hicks*, 18 N. Y. 558; *Hopkins* v. *Stout*, 6 Bush. 375; *Block* v. *Dorman*, 51 Mo. 31; 42 Ind. 64;) nor is the rule otherwise where the payment is made on a debt secured by mortgage. 2 Hill. on Mort. c. 26, §.52; Ang. on Lim. § 457; *Martin* v. *Bowker*, 19 Vt. 526; *Hughes* v. *Edwards*, 9 Wheat. 489; *Dowling* v. *Ford*, 11 Mes. & Wels. 329; *Hough* v. *Bailey*, 32 Conn. 288; *Giles* v. *Barremore*, 5 John. Ch. 545; *Bacon* v. *McIntire*, 8 Met. 87; *Trust Co.* v. *Covert*, 6 Abb. (N. S.) 154; *Winchester* v. *Ball*, 54 Me. 558. The receipt of the rents by the mortgagee operates as a payment, (*Brocklehurst* v. *Jessop*, 7 Sim. 438; *Calkins* v. *Isabell*, 20 N. Y. 147,) because it is the duty of the mortgagor to apply such rents to the payment of the interest and principal. *Babcock* v. *Wyman*, 19 How. 289. Now, in the case at bar, the complaint alleges that the interest was paid upon the mortgage debt until 1869, and it therefore follows that the right to redeem was not lost by lapse of time, (*King* v. *Meighen*, 20 Minn. 264,) and the annual agreements in respect to the payment of interest were equivalent to a yearly extension of time as to the payment of the principal, and arrested the running of the statute from year to year. *Swan* v. *Yaple*, 35 Iowa, 428; *Parkhurst* v. *Cummings*, 56 Me. 155; *Whittacre* v. *Fuller*, 5 Minn. 401 (508); 1 Wash. on Real. Prop. [*559–*560.]

Finally, the running of the statute against the defendant's right to foreclose was stayed for more than five years, by reason of the residence of the plaintiffs out of the state during that period of time. Gen. St. *c.* 66, § 15; *Cole* v. *Jessup*, 10 N. Y. 96–107; *Cutler* v. *Wright*, 22 N. Y. 472–477; 44 Cal. 280.

CORNELL, J. When the real nature of a transaction between the parties is confessedly that of a loan, advanced upon the security of real estate granted to the party making the loan, whatever the form of the instrument of conveyance taken as the security, it is always treated in equity as a mortgage, to which is annexed, as an inseparable incident, the right to the equity of redemption, which can only be extinguished by foreclosure, or voluntary surrender by the party vested with the right by some new agreement founded on an adequate consideration. Neither is it any the less a mortgage that the advance is made wholly upon the security, and without any personal obligation on the part of the borrower to make repayment. 2 Lead. Cas. Eq. (4th Am. Ed.) part 2, p. 1990. Nor is it at all important, as affecting the rights and obligations of the party taking the conveyance, that he received it from another who happens to hold the legal title, instead of the borrower, in whom is vested the equity of redemption, so that it is obtained through the instance and request of the latter, and for his benefit. *Ryan* v. *Dox*, 34 N. Y. 307; *Carr* v. *Carr*, 52 N. Y. 251. These principles are decisive of all the questions necessarily involved in the case at bar, save that of the statute of limitations.

This case is before us upon a demurrer to the complaint, by which, of course, all its material averments are admitted. The allegations of fact thus stated and admitted are substantially as follows: One Chase having purchased the premises in question at a mortgage foreclosure sale, subject to the right of redemption, and the plaintiffs, having become the owners of the equity of redemption some time prior to the expiration of the year allowed by law for such redemp-

tion, entered into an arrangement with one Bennett to borrow of him the money necessary to redeem the premises from said sale, and to give him a mortgage or lien thereon to secure its repayment. To carry this arrangement into effect it was mutually agreed, by parol, by and between the plaintiffs, the said Bennett and the said Chase, that the title to said premises should mature in the said Chase, under said foreclosure sale, and that he should then receive a sheriff's deed therefor, and thereupon convey the same to Bennett, upon being paid the agreed amount of Chase's claim, to-wit, $910, and that Bennett should thereupon hold said title merely as a mortgage security for the repayment of said money and interest, and not otherwise; and that, in pursuance thereof, the title was allowed to mature in said Chase, under said foreclosure sale, who received thereupon the said sheriff's deed, which was duly recorded; that the said Bennett thereupon paid to the said Chase, for the plaintiffs, said sum so agreed upon, and the said Chase, at the request of said plaintiffs, then conveyed the legal title to said premises to Bennett, merely as security as aforesaid, and the said Bennett received the said deed of conveyance merely as such security, and not otherwise. At the time this transaction was entered into, one Murray, a brother-in-law of plaintiffs, was living on the premises, under a parol agreement, or understanding, that plaintiffs would convey a portion thereof to him whenever the incumbrances should be removed, and it was a part of the parol undertanding between plaintiffs and Bennett, at the time of the loan, that the latter, as a matter of form, should execute a written lease to Murray of the premises, with a provision that the latter should pay a yearly rental to Bennett equivalent to and as and for the interest agreed upon to be paid him upon the money by him advanced and loaned to plaintiffs, and also containing a stipulation giving Murray the privilege of buying the premises within the time of the lease for the sum of $910, and the rent. And the said lease was executed accordingly.

The defendant, an intimate friend of the plaintiffs and

Murray, with full knowledge of these facts, and the fact that Bennett held the legal title to the property merely as security as aforesaid, representing to them that he had $1,000 to loan for an eastern party, who wanted as security the legal title to property, the same as Bennett held the title to the premises in question, proposed to plaintiffs and the said Murray that he would loan to the said plaintiffs the said sum, to pay off said Bennett, and that, as security for its repayment, with interest, Bennett should convey to him the legal title to said premises, and that defendant would then and thereupon hold such title merely as security for such repayment, the same as the title was then being held by Bennett, and that by keeping the interest paid up said loan could stand as long as plaintiffs might desire. This proposition was accepted by plaintiffs upon the distinct parol understanding that defendant was to take and hold the title to the premises merely as security for the repayment of the loan and interest, so to be advanced for plaintiffs to pay off the said lien and claim of the said Bennett. Defendant thereupon advanced and paid the said sum to said Bennett, at the request, and for and on account, of the plaintiffs, and Bennett, at their request, transferred to defendant the legal title to the premises by an absolute deed. The said plaintiffs and the Murrays also, about the same time, quit-claimed to the defendant their interest in the same premises. All this was done, and all said deeds were executed and delivered, and were accepted and received, by defendant, as is alleged, merely and only as security for the repayment of said loan and interest, and for the sole purpose of making the title as such security satisfactory; that this was the only consideration for such conveyances, although the said property was then worth and of the value of not less than $25,000.

The complaint further avers that it was also a part of the parol understanding between the plaintiffs and defendant that the said John B. Murray, the brother-in-law of the plaintiffs, was to continue in the occupancy and use of the said prem-

ises, under an arrangement between him and the plaintiffs whereby he was to remain in the possession and care of the property, keep the interest on said loan paid up to the defendant, and also pay off the principal, if he could do so from the income of the property; that he should take a written lease of the premises from defendant of a like character and for a like purpose as that which had existed between him and the said Bennett, at an expressed rental, which should be equivalent to, and stand as and for, the interest agreed to be paid on said loan; that such a written lease was entered into for the term of one year, containing a stipulation giving the lessee the privilege of purchasing from defendant all his estate, right, title and interest in the premises, at any time during the term, upon paying the rent specified and $1,200, the rent in fact representing the interest agreed on, and the $1,200, the amount of the loan, the difference between the last named sum and the amount of the loan being accounted for by the alleged fact represented to be true by the defendant, and believed and acted upon by Murray at the time, that the loan was made in gold, which was worth a premium of $200; that said Murray continued to occupy the premises under this arrangement till February, 1869, the yearly rental being changed from time to time, by parol, between him and the defendant, to correspond to the annual interest charged on the loan, and the same was paid annually, in satisfaction of such interest, until 1868. Prior to this time the defendant never set up, asserted or claimed the ownership of said premises, except in trust as security for said loan, but all the time recognized and admitted the right of plaintiffs to redeem the same by paying off said loan and interest.

Upon these facts, thus stated in the complaint, the truth of which is admitted by the demurrer, no question necessarily arises under what circumstances, or to what extent, parol evidence would be admissible to control the operation and effect of a deed absolute in terms, where the character of the transaction is put in issue and controverted; for it stands

admitted by the pleadings that the sole consideration of the conveyance vesting the title in the defendant was a loan of money advanced thereon merely as security for its repayment, with interest. The transaction originating in a loan, and the conceded purpose and object of the instruments being that of security and not a sale of the property, a court of equity must treat them as a mortgage, and plaintiffs are entitled to redeem the property upon payment of the loan and interest, unless such right has become barred by the statute of limitations. This brings us to the consideration of the second point made by appellant.

As alleged, the loan was made in January, 1862, with the understanding that it could stand as long as plaintiffs might desire, upon the interest being kept paid up, and that Murray, as the agent for and on behalf of the plaintiffs, continued to pay the interest annually to the defendant, according to agreement, until, and up to, the year 1868, prior to which time defendant never set up, asserted, or claimed the ownership of the premises, except in trust, as security for said loan, but recognized and admitted plaintiffs' right of redemption during all said time. This had the effect of renewing or continuing the agreement, so far as to suspend the operation of the statute upon either the right of foreclosure or redemption. Conceding the correctness of appellant's position, that, as no definite time was expressly fixed by the contract for the repayment of the loan, the debt became immediately due and payable, and, therefore, the statute began to run from that time, it cannot be that the defendant could be permitted to recognize the continued existence of the agreement, by receiving yearly payments of interest upon the loan, for the whole statutory period of limitation of ten years, and then, after the expiration of that period, without any prior notice or intimation of his intention, repudiate the trust, and, by the interposition of the statute, effectually cut off the conceded equities of the plaintiffs. The action having been brought within ten years from the last payment of interest, and the time when

both parties plainly recognized and treated the agreement as still subsisting, was clearly not barred by the statute of limitations. Gen. St. c. 66, § 24; *Hughes* v. *Edwards*, 9 Wheat. 489; *Dowling* v. *Ford*, 11 Mees. & Wels. 329; *Martin* v. *Bowker*, 19 Vt. 526; *Hough* v. *Bailey*, 32 Conn. 288; *vide*, also, *Hall* v. *Fenton*, 105 Mass. 516.

Order affirmed.