ROBERT M. STITT and Another v. RAT PORTAGE LUMBER COMPANY.[1]

May 12, 1905.

Nos. 14,237—(35).

Appeal by defendant from an order of the district court for St. Louis county, Dibell, J., granting a motion for a new trial, after a trial and a directed verdict in favor of defendant. Affirmed.

*R. R. Briggs,* for appellant.

*H. B. Fryberger,* for respondents.

PER CURIAM.

Action to recover for services for negotiating a certain contract between defendant and a third party, and other services. For answer defendant entered a general denial as to the merits, set up the pendency of a former action in abatement, pleaded a judgment in that action a bar, and also pleaded estoppel by judgment.

During the trial plaintiffs' attorney, for the purpose of proving a part of their case, offered in evidence the cross-examination of a witness examined on behalf of defendant, whose deposition had been taken by stipulation, but was ruled out as not proper cross-examination. After introducing some other evidence, and making several offers of evidence, plaintiffs made a motion for a continuance of the cause in order that they might secure such further evidence as the case might require, and also moved the court for a dismissal of the action in case the motion for continuance should be denied. The motion for continuance was resisted by defendant, and plaintiffs' attorney seems to have taken it for granted that the court denied both motions, and thereupon abandoned the case. While the record is not clear, it seems that plaintiffs assumed that both motions were denied and abandoned their case, and the court no doubt so ruled by proceeding with the trial. Defendant then introduced evidence in support of its answer, and moved the court to direct a verdict in its favor, which motion was granted.

Plaintiffs then moved for a new trial, specifying as the ground thereof irregularity in the proceedings of the court, irregularity in the order

[1] Reported in 103 N. W. 1133.
94 M.—34.

of the court, abuse of discretion on the part of the court by which plaintiffs were prevented from having a fair trial, accident and surprise which ordinary prudence could not have guarded against, and error on the part of the court in refusing to dismiss the action when plaintiffs' attorney abandoned the case, and upon other grounds directed to the rulings of the court in the admission of evidence. The motion for a new trial was granted, the order not specifying upon what ground, and in a memorandum the court discusses somewhat the sufficiency of the evidence to support the defense of former adjudication.

Under the rule adopted by this court in a number of decisions, the memorandum will not be treated as a part of the order of the court, unless specifically referred to or made a part thereof. The order of the court should be sustained, if it can be justified upon any of the grounds mentioned in the motion for a new trial. The court may have become satisfied that the attorney for plaintiffs had unwittingly relied upon the cross-examination of defendant's witnesses to prove the main point in their case, and was taken by surprise when that deposition was ruled out. The circumstances were such that the court would have been justified in granting a continuance upon proper terms, or in dismissing the case, and, if those considerations influenced the court in ordering a new trial, it was within the limits of a reasonable discretion, in the interest of substantial justice.

Order affirmed.