ALVIRNA GROUT v. DARWIN A. STEWART.[1]

November 17, 1905.

Nos. 14,518—(52).

**Specific Performance.**

An oral agreement to receive title to land by an absolute conveyance from the owner, and to hold the same as security for money advanced to a purchaser of the land for the purpose of making payments under his contract of purchase, is not contrary to the statute of frauds, and may be specifically enforced against the grantee, notwithstanding the purchaser is in possession of the premises and his contract of purchase is still in force as against the owner. Certain rulings reviewed, and found to contain no error.

Appeal by defendant from an order of the district court for Winona county, Snow, J., denying a motion for a new trial, after a trial and findings in favor of plaintiff. Affirmed.

*Webber & Lees,* for appellant.

*Brown, Abbott & Somsen,* for respondent.

LEWIS, J.

Action for the specific enforcement of an oral contract to hold a conveyance of real estate as security for money loaned.

The complaint sets forth the following facts: Mrs. Thiers was the owner of one hundred sixty acres of land, and October 4, 1898, her husband joining, executed a contract for a deed to Spaulding. October 6, 1898, Spaulding and wife made a contract for deed of fifty acres of this land to the mother and the wife of the plaintiff, and received from plaintiff $800, which amount Spaulding paid to Thiers to apply on his contract. In February, 1902, Spaulding defaulted on his contract with Thiers, and thereupon Thiers entered into an agreement with plaintiff to the effect that, in case Spaulding should fail to perform his contract and it should be declared forfeited, then plaintiff should perform the conditions of the Spaulding contract and receive the deed to the one hundred sixty acres of land. The contract running from Thiers to Spaulding was forfeited and declared void by Thiers, and

1 Reported in 104 N. W. 966.

thereupon Thiers agreed with plaintiff that he might pay the amount of the default and receive a deed to the premises. Defendant, having been informed of all these facts, agreed to loan plaintiff the sum of $4,850 to pay up the amount due on the Spaulding contract, and it was agreed between plaintiff and defendant that Thiers should execute a deed of the premises to defendant, the premises to be held by defendant as security for the land, and that he should execute a contract for a deed of the premises to plaintiff upon the same terms as the original contract from Thiers to Spaulding, except a modification in the amount of interest, the time of its payment, and the principal to be paid on or before ten years from date. Thiers assented to this agreement, and executed and delivered the deed to defendant, who paid, in consideration thereof, $4,620.47, which amount Thiers accepted in full payment of the land under his agreement with plaintiff. Defendant, though requested, refused to make the contract, and claims to be the absolute owner of the premises.

At the first trial the court submitted two questions to the jury:

> 1. Did the plaintiff, Alvirna Grout, and defendant, Stewart, enter into an oral agreement whereby it was agreed that defendant, Stewart, should loan plaintiff, Grout, on the terms stated in the complaint, the amount of money due upon the contract for a deed executed by Elizabeth Thiers and Louis M. Thiers to Tyler Spaulding?

To which the jury answered, "Yes."

> 2. If the first question be answered Yes, did the plaintiff, Grout, enter into an agreement with the defendant, Stewart, whereby it was agreed that the said Elizabeth Thiers and Louis M. Thiers should deed the premises described in the complaint to defendant, Stewart, as security for said loan, and that said Stewart, should execute a contract for a deed of said premises on the terms and conditions stated in the complaint to the plaintiff, Grout?

To which the jury answered, "Yes."

The trial court submitted to the jury the question, requiring them to find whether or not the deed executed and delivered by Elizabeth Thiers

and her husband to defendant was executed and delivered pursuant to the agreement. To this question the jury answered, "No." The answer to the third question was set aside, and a new trial ordered upon that question alone, and a similar question was formulated, submitted, and tried at the next general term, and was answered "Yes" by the jury.

The court adopted the answers of the jury and found as true all of the facts alleged in the complaint. The amount, however, as found by the court, which Stewart paid to Thiers in consideration of the deed, was $4,620.47, instead of the sum originally agreed on in the contract between Thiers and Spaulding. The court further found that Stewart had never complied with the agreement, and had not executed and delivered to plaintiff the contract for the purchase of the land, and ordered judgment for plaintiff, in effect, that the conveyance from Thiers to Stewart was a mortgage to secure the amount advanced by Stewart, according to the terms of the contract, with right of foreclosure and redemption.

1. An oral agreement to take a conveyance of land and hold it as security for indebtedness is not contrary to the statute of frauds, and may be specifically enforced, where the specific thing or act contracted for, and not the pecuniary compensation, is the redress practically required. Irvine v. Armstrong, 31 Minn. 216, 17 N. W. 343. It is of no importance that the loan is made wholly upon the security and without any personal obligation on the part of the borrower; nor does it make any difference that the party taking the conveyance received it from another, who held title, instead of the borrower, in whom is vested the equity of redemption. Fisk v. Stewart, 24 Minn. 97. It is not necessary to allege damages, nor special value, in such a case. Holton v. Meighen, 15 Minn. 69 (50). See also King v. McCarthy, 50 Minn. 222, 52 N. W. 648; Philips v. Mo, 91 Minn. 311, 97 N. W. 969; Stitt v. Rat Portage Lumber Co., 94 Minn. 529, 104 N. W. 561.

The fact that plaintiff was in possession of the land, and that a contract was in existence between him and Thiers of which defendant had notice, did not change the obligation of the latter to comply with the terms of his agreement, and did not limit the relief of plaintiff to an enforcement of the contract already in existence. The oral agreement here sought to be enforced against Stewart was entered into subsequent

to the other contract, and was for the purpose of enabling plaintiff to raise the money to make payments according to the terms of the former contract, and defendant is in no position to defend his conduct by the mere fact that the former agreement may still remain in force as between plaintiff and Thiers. The rights of the parties are in no way changed by the fact that plaintiff during all of the time was in possession of the premises. If defendant entered into this agreement to hold the deed as security for money advanced by him to pay for the land, then he cannot absolve himself from the obligations to carry out his part of the contract simply because plaintiff may, by virtue of his possession of the premises, be able to notify all possible purchasers of his rights therein, and thus protect himself from attack by purchasers from Stewart.

2. As above stated, the second trial involved simply the third special question which the court submitted to the jury, viz., was the deed mentioned executed and delivered in pursuance of the agreement? Conceding that the answer of the third question tended to settle a fact in dispute between the parties, and that it was necessary to a final solution of the issue presented by the pleadings, most of the assignments of error cannot be considered by this court, for the reason that the bill of exceptions does not purport to contain all the evidence bearing upon the question. There is some evidence in the record tending to support the findings, and in the absence of a certificate to the effect that the record contains all the evidence we must assume that it is sufficient to support the findings of fact. This disposes of the question whether or not Mrs. Thiers executed the deed to defendant with the intention of aiding and carrying out the contract between Mr. Thiers and plaintiff.

We find no error in the refusal of the court to grant the motion to strike out the testimony of Mr. Thiers to the effect that he had written his wife at Kenosha. The court was not called upon to rule directly whether or not the witness was testifying to the contents of the letter. It was not error to permit Mr. Thiers to testify that he had explained to his wife the nature of the transaction and the purpose of executing the deed of Stewart. No objection was made to this testimony upon the ground that it was inadmissible under the pleadings. The record shows that Mr. Thiers was transacting business for his wife, and the mere objection that it was incompetent, irrelevant, and immaterial was

hardly sufficient to raise the objection that Mr. Thiers was in no way connected with the title. Whenever the motive, belief, or intention of any party, whether a party to the action or not, is a material fact to be proved, it is competent to prove it by the direct testimony of such party. It having been found that the contract was made to the effect that defendant was to receive a conveyance of the premises, it was proper to permit Mr. Thiers to testify whether or not, in executing and delivering the deed to defendant, it was the intention to carry out the provisions of the contract. Berkey v. Judd, 22 Minn. 287, 297; Garrett v. Mannheimer, 24 Minn. 193.

Order affirmed.