## STEPHEN TENVOORDE v. NANCY R. TENVOORDE and Another.[1]

January 8, 1915.

Nos. 18,841—(95).

**Equitable mortgage.**

1. The plaintiff, having an option to purchase a lot, entered into an arrangement with the defendants whereby title was to be taken in the name of one of them, and held as security for advances to the plaintiff, and this was done. It is *held* that by this arrangement an equitable mortgage was created.

**Same — evidence.**

2. The evidence justifies a finding that an arrangement such as is recited was made.

**Redemption — deposit in court for judgment creditor.**

3. A money judgment was docketed against the husband of the defendant in whose name title was taken, and the court directed that the amount due upon this judgment be taken from the amount necessary to be paid in redemption by the plaintiff, and deposited in court to await the determination of the claim of the judgment creditor to the land if such claim should be asserted. *Held* error.

Action in the district court for Stearns county for judgment decreeing that Nancy R. Tenvoorde be declared trustee of the title of certain premises for the use and benefit of plaintiff and that she convey them to plaintiff upon being paid the amount of her advances to him. The case was tried before Roeser, J., who made findings that plaintiff was the owner of the real estate, subject to the lien of defendant Nancy R. Tenvoorde for the sum of $2,957, and authorizing her to foreclose her equitable mortgage for that amount

[1] Reported in 150 N. W. 396.

Note.—On the question whether the deposit of title deeds constitutes an equitable mortgage, see note in 19 L.R.A.(N.S.) 206. And as to the necessity and character of one's previous interest in land essential to his claim as an equitable mortgagor, see note in 37 L.R.A.(N.S.) 521.

if plaintiff failed to pay that amount within the time specified. The case was dismissed as to the defendant other than Nancy and her husband. From the judgment entered pursuant to the order for judgment, she and her husband appealed. Reversed.

*Axel A. Eberhart,* for appellants.

*R. B. Brower,* for respondent.

DIBELL, C.

This is an action to have a deed of a lot in St. Cloud, Stearns county, adjudged to be a mortgage. There was judgment for the plaintiff adjudging the deed to be a mortgage, providing that the plaintiff might redeem from it within a stated time, and providing that if no redemption was made the defendant who was adjudged to hold as mortgagee might foreclose. The action was dismissed as to the defendant other than John H. Tenvoorde and Nancy Tenvoorde. They appeal from the judgment.

1. The defendants, John H. Tenvoorde and Nancy Tenvoorde, are husband and wife. The deed, which the plaintiff asks to have adjudged a mortgage, was made by the owner, one Freeman, to Mrs. Tenvoorde, on April 1, 1910. The understanding between the plaintiff and the defendants was that Mrs. Tenvoorde should take and hold the title as security for advances to the plaintiff.

At the time of the execution of this deed the plaintiff had a valid option to purchase the lot. The arrangement in effect was that the plaintiff should not take title under it, but that the title should pass from Freeman to Mrs. Tenvoorde, and she should hold it as security. Under these facts Mrs. Tenvoorde was an equitable mortgagee. The case is controlled by the principle of such cases as Fisk v. Stewart, 24 Minn. 97; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; Stitt v. Rat Portage Lumber Co. 94 Minn. 529, 103 N. W. 1133; and Grout v. Stewart, 96 Minn. 230, 104 N. W. 966. It is not important that the title came from Freeman instead of directly from the plaintiff. Fisk v. Stewart, supra. It is not important that all, or even any, of the debt did not exist at the time, but was to be advanced afterwards. Teal v. Sandinavian-American Bank of Grand Forks, 114 Minn. 435, 131 N. W. 486. The appellants cite Bennett

v. Harrison, 115 Minn. 342, 132 N. W. 309, 37 L.R.A.(N.S.) 521. That case is not out of harmony with the application of the law here made. The court there held that the one seeking to have the grantee in a deed adjudged to be a mortgagee was not related in interest to the title at the time of the conveyance so that he could assert in equity the interest or title of a mortgagor. Here the plaintiff was.

2. The evidence justifies a finding of facts making applicable the principles of law stated and the facts were so found. The degree of proof required to declare a deed to be in fact a mortgage is well understood. We have considered the evidence with care and with the degree of proof required in mind. Nothing will be gained by reviewing it. We doubt not the facts were wisely found.

3. In 1909 judgment was docketed in Stearns county in favor of one Graves and against the defendant John H. Tenvoorde, upon which there was due between $700 and $800 at the time of the trial. The court directed that of the amount necessary to redeem from Mrs. Tenvoorde, the advances made by her amounting to several thousand dollars, there should be paid into court the sum of $800 to abide the determination of the rights of Graves to the lot, through this judgment, if he should assert a claim; and it was contemplated that a like payment should be made, if there should be no redemption and the property should go to foreclosure sale. In this there was error.

The court found that Mrs. Tenvoorde was the equitable mortgagee. There was no suggestion in the pleadings, nor at the trial, nor in the findings, that her husband had an interest in the lot. The Graves judgment was not a lien upon the legal title. The only theory upon which Graves could assert a right to the lot was that Mrs. Tenvoorde held the title under the Freeman deed, not as an equitable mortgagee, but as the legal owner, and that her ownership was the concealed ownership of her husband proper to be subjected to the payment of his debts. That theory defeats the plaintiff's judgment. If the plaintiff feared a claim on the part of Graves he could have made him a party. He should not now ask that a payment be made into court which it is wrong to make if his judgment is right.

The appellants make some other contentions which do not require mention.

There should not be a new trial. There should be a modification of the judgment in respect of the required deposit; or, in its discretion, the court may entertain a motion to make Graves a party; or any other appropriate proceeding not inconsistent with this opinion may be taken.

Judgment reversed.