## ARTHUR McDONALD v. CHARLES A. WHIPPS.[1]

July 13, 1917.

Nos. 20,391—(168).

**Mortgage — evidence.**

1. The evidence sustains the finding that the deed, under which plaintiff
claims ownership and right of possession of the land involved, was in
fact a mortgage securing an advance or loan made to defendant.

**New trial — inaccuracy in findings of fact.**

2. Inaccuracies in those findings of fact which have no bearing upon
the conclusion of law furnish no ground for a new trial.

**Same — material error in finding.**

3. Nor should there be a reversal on a material error in the finding
where no application has been made to correct it in the court below.

[1]Reported in 163 N. W. 746.

**Admission of evidence.**

    4. No error of a prejudicial nature was made in the rulings upon the reception of evidence.

Action in ejectment in the district court for Scott county. The case was tried before Morrison, J., who made findings that defendant was the absolute owner of the premises subject to a lien of plaintiff for $1,163.45, and granting defendant the right to redeem therefrom upon payment of the money within 30 days after judgment. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*F. J. Leonard,* for appellant.

*J. J. Moriarty,* for respondent.

HOLT, J.

Action in ejectment wherein defendant prevailed. Plaintiff appeals from the order denying a new trial.

The complaint alleged title in plaintiff and defendant's wrongful possession of the premises, being some 30 acres of land in Scott county, this state. The answer was in substance, that on and prior to November 2, 1897, Charles Swarts and wife owned a part of the land in question, and on that day made a contract in writing to convey the same to defendant upon being paid a sum certain; that on January 1, 1906, Charles Swarts was the legal owner of the rest of the land described in the complaint, and on said date entered into another written contract with defendant to convey the same to him for a specific consideration; that Swarts subsequently conveyed said tracts of land to his daughter Eva Gilkey, subject to the contracts held by defendant; that in February, 1910, defendant was in default as to the payments to be made upon the contracts, and Eva Gilkey caused to be served upon him proper notices to terminate the same; that shortly thereafter and prior to April 9, 1910, plaintiff and defendant made a contract whereby it was agreed between them that plaintiff would furnish or loan defendant $902 to pay the amount due Gilkey from defendant upon said contracts, and as security for its repayment Gilkey should convey the land to plaintiff, who agreed to convey the same to defendant upon receipt of the money so furnished and loaned with 6 per cent interest; that plaintiff did furnish $902 pursuant to the

agreement and obtained a deed to the land from Eva Gilkey and husband; that defendant has paid the taxes on the land since his purchase from Swarts, and has enhanced the value thereof by placing improvements thereon in the sum of $1,500; that plaintiff has continued to recognize defendant's rights in the premises until a short time prior to the commencement of this action, and that the land is worth $2,400. Defendant asked judgment that he be decreed the owner of the premises, subject to a lien thereon in favor of plaintiff in the sum of $902 and interest at 6 per cent per annum since April 9, 1910. There was a reply denying the making of a loan and taking the deed as security.

The main attack is directed against the finding of an agreement between the parties as alleged in the answer under which a loan was made and security given by the Gilkey deed. Defendant's wife is plaintiff's sister. And, after a prior negotiation by her husband had failed to bring assistance, she went to her brother and made the arrangement under which it is claimed the money was obtained and the deed taken. She did not state that she came in behalf of her husband, but considering the situation, that the contracts or purchase were in his name and his was the responsibility to provide a home for the family, it is reasonable to infer that the contract was made for his benefit and so understood by plaintiff. The testimony of Mrs. Whipps is positive and clear that the agreement, in the main, was as found. We think she is corroborated by admissions made by plaintiff to others, by the fact that for so long a time thereafter defendant remained in undisturbed possession, and that such an arrangement would be one likely to be made under the circumstances and the relationship then existing. We are mindful of the rule that the burden rested upon defendant to produce clear, strong and convincing proof that the deed in question was intended as a mortgage. 2 Dunnell, Minn. Dig. § 6157. If in fact the deed was a mortgage, defendant may avail himself thereof in this action though not the grantor in the deed. Tenvoorde v. Tenvoorde, 128 Minn. 126, 150 N. W. 396, and cases there cited. We think the finding upon this main proposition, that plaintiff took the deed as security for the money paid Gilkey in defendant's behalf, is sufficiently supported.

In certain respects the findings are inaccurate, but those containing such inaccuracies are not upon vital or material issues in the case and

have no bearing upon the conclusion of law. Whether the agreement between the parties was made a few days before or a few days after the expiration of the time limit set in the notices terminating the Swarts contracts is immaterial. Mrs. Gilkey did not insist upon a forfeiture. Nor is the finding as to the amount due important. Mrs. Gilkey claimed $902 and defendant concedes it to be correct. As to the taxes and the value of improvements made upon the land, the findings may be justly criticised as being unreliable and evidentiary, but these matters do not control or bear upon the conclusion of law.

There is, however, one inaccuracy that is material. The court found that defendant had paid $60 since the deed was made, and reduced plaintiff's lien in that amount. This was wrong. Defendant's answer is clear as to the amount due. He specifically admits a lien in favor of plaintiff for $902 and interest at 6 per cent per annum from April 9, 1910, and prays a decree accordingly. This error is not a ground for reversal of the order, for no application appears to have been made to the court below for a correction.

The errors assigned upon the rulings at the trial are readily disposed of. Evidence of improvements made and taxes paid by defendant subsequent to the deed to plaintiff was plainly admissible. It is not likely that any one but an owner would pay taxes or make valuable betterments on property. What was done in this respect prior to the deed to plaintiff had no great bearing on the issues of this lawsuit, but the admission of testimony relating thereto may be justified on the ground that it rebuts the inference of an intention to abandon the land, which might otherwise arise from the failure of defendant for so long a time to make any payments upon his contracts of purchase. Exhibits C and D are not in the return or record. If we assume that Exhibit C was a note for $1,000 which the witnesses say plaintiff was willing then to accept, it corroborates defendant's claim that plaintiff did not purchase the land for himself, but took the deed as security for the $902 advanced or loaned defendant.

The order must be affirmed, but without prejudice to an application to the court below to correct the amount of the lien so as to correspond with the sum conceded by the answer.

Order affirmed.