Hatch, J.
The defendant gave no proof upon the trial, and does not now dispute the fact that he took title to the land, pay *661 ing therefor nothing, under an agreement to convey the premises as he should be thereunto requested by the persons interested, paying to such persons all moneys which should come to his hands; he was, therefore, under a high moral obligation to deal fairly and in good faith with the plaintiff, who had trusted him, and to pay over all moneys coming from such source. The position of the defendant now is, that although he has so agreed, and notwithstanding his moral obligation, yet he is under no legal obligation to respond to plaintiff’s demand, and may retain the' moneys which have thus come to his hands. In support of this position the learned counsel for defendant relies upon and invokes § 51 of the statute of uses and trusts, which provides “ where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section.” The exceptions to this section are without application here. This section has been the subject of construction many times, and certain rules have been formulated, among which none is more firmly settled than that which provides that this statute, aimed to prevent frauds, cannot be used or construed to perpetrate a fraud. Carr v. Carr, 52 N. Y., 251; Ryan v. Dox, 34 id., 307. And this result is to he reached, where the fraud appears, notwithstanding the statute. Wood v. Rabe, 96 N. Y., 423.
We think, however, that the statute is without application to the present case. So far as the conveyance to defendant made by Day is concerned, it is quite clear that no question can arise; he was the owner at the time, no consideration was paid by him or any one else for the conveyance, it was a mere naked grant, and nothing of value was parted with, to secure it. The same is true with respect to the conveyance by Box. He was not the owner of the premises; it is true he held the legal title, but only as collateral security for the payment of his debt; he recognized that the equitable title was in Bork, and that his title was simply a lien, which it would have been impossible for him to enforce against Bork when his debt was paid. Carr v. Carr, 52 N. Y., 251, 260.
Bork received nothing and paid nothing. Box was paid his debt, but that cannot be treated as the consideration for the conveyance; it was simply discharging a lien, like the paying of a mortgage, as it was, it freed the land from the lien so that a clear title could vest in the grantee, but it did nothing more; it was an equity entirely independent of the statute, and is not such payment of consideration as the statute contemplates, as was said by Judge Allen, in Carr v. Carr, supra, “ But the plaintiff claims an absolute title in himself, discharged of all trusts and equities * * * under the statute which abolishes resulting trusts for the benefit of the party paying the' consideration, when the consideration has been paid by one and the grant has been made to another. * * *
If there was no other equity than such as grows out of the payment of the consideration for the grant, the claim would be u'n- *662 answerable. But the statute does not interfere with other equi- ■ ties and rights existing independent of or in connection with the payment of the purchase price of the property. It is only the common law trust for the benefit of an individual "from whom the consideration for a grant issues, and resulting from the fact of payment of the consideration, and having no other foundation, that the statute abolishes.” In that case the action was ejectment, brought by the person holding a deed absolute in form, which he had taken under a paroi arrangement that he was to advance a portion of the purchase price, and take the title as security for its repayment. Defendant therein had entered into possession, paid all or nearly all the debt, and the court held that ejectment could not be maintained; that the deed was simply a mortgage. No consideration having been paid for this conveyance, it is not within the terms of the statute. Robbins v. Robbins, 89 N. Y.,, 251.
There defendant had purchased property, paying the consideration therefor, and procured the deed to be maae to one Fay under an arrangement that Fay should convey as directed. Thereafter defendant directed a conveyance to be made to plaintiff under a like arrangement; Fay conveyed as directed ; subsequently the property was sold, and certain mortgages taken in the name of plaintiff, which were retained by defendant. The action was to compel the delivery of one of the mortgages to plaintiff, under a claim that by virtue of the statute plaintiff took absolute title to the land freed of all equities, and, in consequence, was entitled to its proceeds. Judge Danforth, speaking for the court, says: “In the next place, the plaintiff is not entitled to have the statute, § 51, strained in his favor, and taken literally it does not cover his case. The grant to him was from Fay, and for that no valuable consideration was paid; Fay conveyed because in common honesty, and in fulfillment of his trust he was bound to convey. The plaintiff's claim is stricti juris.” This doctrine seems to exactly fit this case; as no consideration was paid for either grant, the deed is not affected by the statute. It is, however, claimed that if this be the equitable doctrine, it has no application here, as the present action is one at law for conversion. The trust created by the agreement has been executed so far as the execution of the deeds is concerned. When defendant had executed them he had no interest whatever in the land, either colorable or actual; the only remaining act he is called upon to perform is to pay over the money received on the purchase; as to that he does not now hold land, but personal property, the title to which immediately vested in plaintiff when defendant received it; as to this, the statute of uses and trusts has no concern, and when plaintiff demanded the money it was the duty of defendant to pay it over, and when he refused, his refusal constituted in law a conversion of the money. I think the action appropriate to the facts proved. Robbins v. Robbins, 89 N. Y., 258.
I am aware that this case says, “nor is ifrnécessary to inquire whether if he had received the consideration of the deed in money it would have been taken from him;” but it distinctly holds, that *663 the mortgage in that case, taken upon the sale, became personal property, to which the statute had no application, and that the title thereto became at once vested in the cestui que trust. If this be so I see no reason why money received under similar circumstances should not be subject to the same rules.
It is also claimed that the court erred in admitting paroi testimony to prove the trust; this claim is answered in Foote v. Bryant, 47 N. Y. 547 where Church, Ch. J., says: “ The transactions out of which a trust of this character arises may be proved by paroi, but the trust 'itself must rest upon the acts or situation of the parties as proved, and not merely upon their declarations. The statute embraces only trusts which are created or declared by the parties.” It follows from these views that the exceptions should be overruled, the motion denied, and judgment ordered for plaintiff upon the verdict
Titus, J., concurs; Beckwith, Ch. J., did not sit