### GOLDSMITH et al. v. GOLDSMITH.

(City Court of Brooklyn, General Term. November 27, 1893.)

SPECIFIC PERFORMANCE—PAROL TRUST.

 B. deeded realty to her son L. on no other consideration than that he should hold four-fifths in trust for her other four children, and pay the taxes and mortgage interest out of the rents, in lieu of board, while he lived with the family. L. collected the rents for that part of the building not occupied by the family, and received his board gratis for four years. Three of the children were minors when B.'s deed was made, and they all spent money in repairs, till, B. having died, L. sold, and out of the proceeds, wherein he orally confessed a trust in their favor, bought another house, promising the other children that as soon as he got a title he would give them each a writing to represent an equal share in said house, and account for the balance. *Held*, that the trust being presumed from the circumstances, and afterwards acknowledged by L., his contract with the other children was enforceable.

Appeal from special term.

Action by Annie Goldsmith and others against Leopold Goldsmith for specific performance of a contract. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

v.25 N.Y.S.no.8—63

Hays & Greenbaum, for appellant.
Jere A. Wernberg, for respondents.

CLEMENT, C. J. On February 5, 1887, one Barbara Goldsmith, mother of the four plaintiffs and of the defendant in this action, owned certain real property on Myrtle avenue, in this city, and on that day conveyed the same to the defendant, without considera- tion, except his promise that he would hold four-fifths of the same in trust for the plaintiffs, and that he would pay the taxes and in- terest on the mortgage out of the rents, in lieu of paying any board while he lived in the family. Mrs. Goldsmith and her family, including the defendant, lived in a portion of the house until March, 1888, when she died; and from that time until February, 1891, plaintiffs and defendant continued to live together at the same place, and under the same arrangement, when the defendant sold the property for $12,000, from which was deducted a mortgage for $6,500, leaving in his hands the sum of $5,500. From February 5, 1887, to February, 1891, the defendant had collected the rents of the part of the house not occupied by the family, and had received his board without charge. On or about May 15, 1891, the defendant purchased a house and lot on De Kalb avenue for the sum of $3,800, and paid the same out of the consideration received on the sale of the Myrtle avenue house, and promised the plaintiffs that as soon as he got title he would give them a paper writing giving to each of them an equal, undivided share in the De Kalb avenue property, and would account to them for the balance of the proceeds of sale of the Myrtle avenue premises. The court below decided that he should perform his agreement, and the defendant has taken this appeal.

This is a border case, and the points involved are intricate and close. The defendant, when called as a witness, did not explain the transaction between his mother and himself. His testimony consists of simple denials, and he has elected to stand on the stat- ute that no estate or trust in land can be created except by writing. No explanation is given by him why the mother presented him with the Myrtle avenue property, or why the family continued to occupy a portion of the same until the sale in 1891, or why he did not pay for his board from 1887 to 1891. We think that the case of the defendant would have been stronger on the facts, if he had testified as to the details of the transaction. The rule is laid down by Chief Judge Church in the case of Foote v. Bryant, 47 N. Y. 544, 547, in reference to sections 6 and 7 of the Revised Statutes, as follows:

"This statute does not preclude a party from establishing any implied or resulting trust known or recognized by the common law. They arise usually from the acts or relation of the parties to the property involved, and not upon parol agreements. The general principles of equity and good con- science, applied to certain situations and acts of the parties, are used to raise presumptions of intention, and to impress property with trusts, and to clothe one party with the character and obligations of a trustee, and an- other with the rights and privileges of a cestui que trust, for the purpose of securing honesty and fair dealing among mankind, and to prevent fraud and injustice. * * * The transactions out of which a trust of this

character arises may be proved by parol, but the trust itself must rest upon the acts or situation of the parties, as proved, and not merely upon their declarations."

It will be observed from the testimony in the case, that three of the plaintiffs were infants in 1887, and the trial judge has found that the plaintiffs made expenditures in repairs of the property between the date of the delivery of the deed and the date of sale by the defendant. There is also a finding that the defendant, while the proceeds of sale were in his hands, recognized the trust. The defendant boarded in the family until the sale, in 1891, and the mother was an invalid at the time of the deed, and died in 1888. The question to be decided in this case is simply whether these facts are sufficient to justify the judgment. We are inclined to hold that they are, on two grounds—First, for the reason that the situation and the acts of the parties raise a presumption of a trust in the land; secondly, for the reason that the defendant acknowledged a trust in the proceeds of sale. As authority for the first ground of affirmance, we find the case of Moyer v. Moyer, 21 Hun, 67. See, also, Murphy v. Whitney, 69 Hun, 573, 23 N. Y. Supp. 1134. While it is true, in that case, the children were in absolute possession of the farm, and made some improvements of a permanent nature, and that such facts do not appear in this case, yet the plaintiffs continued to occupy a portion of the premises, and the defendant collected the rents of the remainder, and did not pay board. We quote from the findings:

"The defendant and all the plaintiffs acted upon the assumption that the transactions, intentions, and understandings, at the time the deed was delivered, were valid, and were to be carried into effect."

In Ryan v. Dox, 34 N. Y. 307, 311, Judge Davies said:

"When one party has executed his part of the agreement, in the confidence that the other party would do the same, it is obvious that, if the latter should refuse, it would be a fraud upon the former to suffer his refusal to work to his prejudice."

It will be observed, on the question of the possession of the Myrtle avenue house, that on the theory of the plaintiffs, and by the judgment, the defendant owned an undivided fifth part. When the deed was delivered, the defendant agreed with his mother, who represented the other four children, that the family should continue in the portion occupied by them, and that the defendant should collect the rents of the remainder, and out of the same he was to pay the interest on the mortgage, and the taxes. Whether such agreement was beneficial, does not appear in the case. The agreement, simply, was that he should collect the rents for himself, and as agent for the other four children. We are of opinion that the parol declaration of trust by the defendant, while holding the proceeds of sale, was sufficient to make him such trustee. Bork v. Martin, (Super. Buff.) 11 N. Y. Supp. 569; Robbins v. Robbins, 89 N. Y. 251. The sole objection to such conclusion is that the same may be said to have been made without consideration. The plaintiffs, if defendant repudiated the trust, could maintain an action against him for his board from 1888 to 1891, and it was sufficient

consideration that they, relying on his declaration, did not bring an action therefor.

No point is made as to the form of the judgment, in so far as it relates to the De Kalb avenue house. It may be that the court should have declared that the moneys of plaintiffs invested in such property were an equitable lien thereon; but, as no such point is made by the appellant, we do not consider the question. The judgment appealed from must be affirmed, with costs.