(13 Misc. Rep. 381.).

### DENIKE v. DENIKE et al.

(City Court of Brooklyn, General Term. June 24, 1895.)

TRUSTS—CREATION BY PAROL—VALIDITY.

The executrix of a will devising property to her and her children with a power of sale in her sold it and invested the proceeds in her own name. Afterwards she conveyed the property so purchased to one of her children for a nominal consideration, on his oral agreement that he would divide it equally with the others. *Held,* that the statute of frauds could not be invoked as a defense to an action by the other children to enforce such agreement.

Appeal from special term.

Action by Abraham Denike against Charles W. Denike and others. Judgment was entered in favor of plaintiff, and defendants Denike appeal. Affirmed as to Charles W. Denike. Reversed, on condition, as to Mary A. Denike.

Argued before CLEMENT, C. J., and OSBORNE, J.

H. J. Morris, for appellants.
M. L. Towns, for respondent.

OSBORNE, J. Plaintiff, for a cause of action, alleged that one Isaac Denike, the father of the plaintiff and of the defendants Charles W. Denike and Elizabeth A. Burnham, died intestate in January, 1849, leaving a widow, Sarah Ann, and six children, all infants, of whom the plaintiff and the defendants Charles W. Denike and Elizabeth A. Burnham are now the sole survivors; that said Isaac Denike left certain real and personal property, and letters of administration on his estate were issued to said Sarah Ann Denike; that she subsequently was appointed special guardian of said infants, and took proceedings for the sale of said real estate of which her husband died seised, and, under an order of the court, sold the same; that she never accounted for the money so received by her, but invested the same in the purchase, in her own name, of the premises described in the complaint, "with the intent that the same should be held by her as trustee for the heirs at law of said Isaac Denike"; that in the year 1886 she conveyed said premises, for the nominal consideration of three dollars, to her son, the defendant Charles W. Denike, and that said Charles W. Denike took said conveyance with the understanding that he should hold said premises as trustee for the heirs of Isaac Denike; that in 1893 said Charles W. Denike conveyed said premises, for a nominal consideration, to his wife, the defendant Mary A. Denike, and that she now holds the same; that said Sarah Ann Denike, the widow of Isaac Denike, died intestate in December, 1888; and that said defendants Charles W. Denike and Mary A. Denike have, since her death, held said premises, and collected the rents thereof. Plaintiff demanded judgment for a conveyance to him of his interest in said premises, and also for an accounting of the rents. Defendants denied the alleged trusts in Sarah Ann Denike, and also that the conveyance

to Charles W. Denike was in trust, and they also pleaded the statute of limitations. On the trial of the issues the learned trial judge found all the allegations of the plaintiff to be true; also that the premises in question were the property in common of the widow, Sarah Ann Denike, and her six children, and were used by them as a home for her and one or more of them, as tenants in common, up to the time of her death, and that the defendant Charles W. Denike received a conveyance of said premises in trust to convey, upon the death of Sarah A. Denike, one-third interest to the plaintiff, and one-third interest to the defendant Elizabeth A. Burnham; and, further, that at the time he received said conveyance from his mother he knew that the said property was not her exclusive property, but was, subject to her life interest, the property of the plaintiff, the defendants Charles W. Denike, Elizabeth A. Burnham, and Frances A. Denike, a daughter of a deceased brother of plaintiff and defendants, who has since died unmarried and without issue. Thereupon an interlocutory judgment was entered, directing the defendants Charles W. Denike and Mary A. Denike to convey to plaintiff one-third interest in said premises, and ordering a reference to take proof of the net rents received by defendants. This reference has been had, and a final judgment has been entered thereon directing a conveyance to plaintiff of a one-third interest in said premises, and also adjudging that plaintiff recover of said defendants Charles W. Denike and Mary A. Denike the sum of $1,579.40. This amount is made up of $1,254.99, being one-third of the net balance of rents received by said defendants, with $19.44 interest thereon, and $304.97 costs. The defendants Charles W. Denike and Mary A. Denike now appeal from the said interlocutory and the final judgment.

The complaint in this action is most inartistically drawn, and the pleader seems to have proceeded on a twofold theory,—either that plaintiff was entitled to recover the interest in the premises in question as one of the heirs of the father, Isaac Denike, on the ground that his mother invested the assets of his father's estate in the purchase of the premises, and took the deed in her name, with the intent that she should hold the title thereto as trustee for the heirs at law of Isaac Denike, or that a trust was created in his favor by the deed from his mother to her son, the defendant Charles W. Denike; and in the prayer for relief the plaintiff demands judgment for a conveyance to him of his undivided interest in such premises, as one of the heirs at law of said Isaac Denike, and also for such judgment or order as may to the court seem proper to protect the plaintiff's claim in said premises.

The learned counsel for the appellants alleges, as ground for reversal, that no valid trust, in writing, was ever created, as to the premises in question, and that, therefore, it is void, under the statute. Conceding this to be so, still plaintiff is not, we think, without a remedy in equity. It is well settled that, when the facts show a proper case, a court of equity will intervene to redress or prevent a fraud, and will enforce an agreement, notwithstanding the statute, by rea-

son of the special circumstances.     As was said in Wood v. Rabe, 96 N. Y. 425:

"There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, which, taken together, in our opinion, entitle the plaintiff to maintain an action. One is that it will not permit the statute of frauds to be used as an instrument of fraud, and the other that where a person, through the influence of a confidential relation, acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief."

See, also, to the same effect, Goldsmith v. Goldsmith (City Ct. Brook.) 25 N. Y. Supp. 993, affirmed (court of appeals) 39 N. E. 1067.

We have, in the case before us, the same confidential relation between parent and child as existed in the case just cited.     It was not disputed, and the findings show, that the funds with which the premises in question were purchased were the proceeds of the inheritance of the plaintiff and his brothers and sisters, subject to their mother's interest; and it is also found that the mother and children, or some of them, enjoyed the premises in common.     Towards the close of her life, the widow sought to dispose of the property in such a way as to secure to each of her surviving children his or her fair share therein, and so conveyed the same to her son for that express purpose, in the full confidence that he would carry out her wishes.     Plaintiff's testimony on this point is as follows:

"My mother died on the 10th of December, '88, I think; and I think on the 8th or 10th of January, the following month, I met my brother, Charles W. Denike, and I asked him, was he going to put that will on record. He said, 'What will?' I said, 'The will that you have got down in the safe-deposit company box.' He said, 'I got no will there.' I said, 'I saw a will in a box, the time I went down there with you, and you opened the box,—the will of Sarah A. Denike.' He said: 'That is an old envelope which had been holding the will in. That is all.' He said: 'I have the property in my name,— my mother gave it to me for three dollars,—and it is to be divided between you and Elizabeth and myself.' So it went on until February. I asked him occasionally about it. He said he would fix it up in a few days. So, in February, I was coming down Myrtle avenue, to come down to the hall, and he was going up, and I met him at North Elliot Place. I said, 'Charles, what are you going to do about that property?' He said: 'I will tell you what I will do. I will allow $5,000 for it. Are you satisfied with that?' I said: 'Yes; I am satisfied with anything what is right.' 'But,' said he, 'I have got some bills against the property. You step up in the morning, and I will let you see the bills.' I said: 'You have a list of them? We will see what they are.' He said, 'You come up in the morning, and get the bills.' I went up the next morning. He handed me different bills. I said, 'I don't propose to have no such thing as that going on here,—$100 for my sister, $250 for my uncle Charles.' I said, 'What has my uncle Charles to do with the property? He (Charles) was going to give it to him anyhow. I said, 'I want $1,500 of it in cash, or I don't want anything.' That was the last I had to do with him. He said he would not pay me a dollar."

No denial of this evidence was made, or attempted to be made, by the defendant Charles W. Denike, and plaintiff was not even cross-examined by defendants' counsel.     Here was plainly a case where the mother confided in her son to do equal justice towards her surviving children, and it is a fair conclusion that the defendant accepted the conveyance on that understanding.     He has admitted it by failing to deny his brother's evidence as to the purposes of

the deed from his mother to him, and also by offering to make a settlement with plaintiff, provided he would accept defendant's bills for disbursements and charges against the property; and it would be a gross injustice now to allow him to invoke the statute as a bar to the relief which the plaintiff now claims.   We think, on all the evidence in this case, that the premises in question were conveyed by Sarah Ann Denike to the defendant Charles W. Denike on the implied trust that he would convey one-third thereof to the plaintiff, that he accepted said conveyance on such conditions, and that equity will intervene to compel the performance of the trust and to prevent a fraud.

We think, however, that the referee appointed to take an account of the rents since December 10, 1888, erred in his conclusion that the plaintiff was entitled to a personal judgment against both Charles W. Denike and Mary A. Denike for one-third of the net rents.   There was no evidence that the defendant Mary A. Denike ever received any of the rents of the property, and in fact the premises were not conveyed by her husband to her until 1893; and the final judgment to that effect, entered on the report of the referee, is, in that regard, erroneous.

The judgment against the defendant Charles W. Denike should be affirmed with costs, but the personal judgment against the defendant Mary A. Denike, for $1,579.40, should be reversed, and a new trial ordered as to her personal liability for any portion of the rent of the premises, unless plaintiff stipulates to reduce the personal judgment against her to $304.97, being the amount of the costs of the action, in which event the judgment so reduced is affirmed against her, but without costs.