(51 App. Div. 588.)

TRACY et al. v. DOLAN et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

1. PARTITION—ISSUES OF FACT—JURY TRIAL—CONTESTED ISSUE—DETERMINATION—OTHER ISSUES—DIRECTION OF VERDICT.

Where issues of fact in a partition action are submitted to a jury at the trial term, under Code Civ. Proc. § 1544, providing that such issues are triable by jury, and unless the court otherwise directs may be tried on the pleadings, and counsel on both sides agree and the court instructs that but one issue is contested, and the jury find for plaintiff on that issue, it is proper for the trial term to then direct a verdict for plaintiff on the remaining issues in the cause; such issues being fully before the trial term for determination under such submission.

2. SAME—CONTESTED ISSUE—SIGNING AND SEALING VERDICT—JURY'S SEPARATION—FURTHER VERDICT ON REASSEMBLING.

The fact that a jury separates after signing and sealing a verdict determining the only contested issue in a cause does not preclude them from rendering a further verdict by order of the court determinative of the remaining issues, on their reassembling to deliver the first verdict.

3. SAME—DETERMINATION OF CONTESTED ISSUE—CHARACTER OF VERDICT.

Where issues of fact in a partition action are submitted to a jury at the trial term, under Code Civ. Proc. § 1544, providing that such issues are triable by jury, and the jury renders a verdict determining the only contested issue in the case, such verdict is not a special one, so as to preclude the trial term from directing a further verdict on the remaining issues; the first verdict determining all the rights of the parties, and no question of law remaining to be settled on the facts found.

Appeal from special term, New York county.

Action by Alberta B. Tracy and Robert C. Davey, as executor of the last will and testament of William L. Evans, deceased, against Annie Dolan, impleaded with others. From an order denying defendant Dolan's motion to set aside a verdict theretofore rendered in the action (64 N. Y. Supp. 651), she appeals. Affirmed.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, Mc-LAUGHLIN, and INGRAHAM, JJ.

Joseph Fettretch, for appellant.

S. Hanford, for respondents.

HATCH, J. The action was brought for the partition of certain lands, and, upon issue being joined, the trial of the issues was directed to be had before a jury, pursuant to section 1544 of the Code of Civil Procedure. In the order which was made directing the trial by jury, all of the issues which were raised by the pleadings became the subject of determination at such trial. The case has been three times tried. Upon two of the trials the jury disagreed, and upon the last trial a verdict was found in favor of the plaintiffs. Upon each trial the matter at issue became narrowed down to a single question, i. e. "Is Kate Maria Williams the daughter of David W. Evans, born after a marriage between him and Hannah Van Deventer?" The plaintiffs claimed to be interested in the property sought to be partitioned as next of kin and heirs at law of David W. Evans, deceased, while the defendant Annie Dolan claims by conveyance from the daughter and only child of the deceased. It is therefore evident that the answer to be made by the jury as to whether or not the latter was an illegitimate child of the deceased would resolve all of the issues presented by the pleadings in favor of the one party or the other, and such was evidently the view of both parties upon all of the trials which have been had. Indeed, upon the second trial the counsel for the defendant stated substantially, in terms, the same question which was submitted for determination at the last trial as being the only contested question in the case; so that not only was no objection raised to the ruling of the court in this respect, but upon each of the three trials counsel for the respective parties agreed, in terms, as to the only contested question, and acquiesced in its submission to the jury. Upon the last trial the jury were directed to bring in a sealed verdict, and after the court had adjourned they finished their deliberations, made up their verdict, and separated, thereafter appearing in court when the verdict was received. Immediately upon the reception of the verdict, counsel for the plaintiffs moved for the direction of a verdict upon the other issues raised by the pleadings. Objection to this was interposed by the defendant, based upon the claim that the jury had separated after the rendition of the verdict, and consequently were without any authority to render any further one; and, further, that such questions were for the consideration of the court at special term, and were not proper matters for the trial court to make disposition. These objections were overruled, and a verdict upon the issues directed in favor of the plaintiffs.

The fact that the jury had separated after signing and sealing their

verdict constituted no obstacle to their rendering a further verdict upon the issues in the case. Indeed, the effect of the whole proceeding was to resolve all such questions in favor of the successful party upon the answer made to the single question submitted. If the jury had made answer that the grantor of the defendant Dolan was the legitimate child of the deceased, its effect would have been to show that the plaintiffs, as against the defendant Dolan, possessed no interest or estate in the property. The finding being against her, the effect of the determination was that she was without interest therein; and, as the other parties to the action were not in contest over any question, it was clearly competent for the court to direct, and the jury to find, the verdict as requested. The whole issues were before the court, so far as the pleadings raised issue, as completely as they would have been at special term.

It is claimed, however, by the defendant that the verdict upon the submitted question was a special verdict, and, as no other verdict was properly rendered, there was a mistrial, for the reason that the verdict was incomplete, and would not authorize a judgment to be rendered thereon. We think that the defendant is mistaken in his contention. The verdict was not a special verdict. Such verdicts are taken for the purpose of placing upon the record facts in order that the court may determine the law as applicable thereto. Carr v. Carr, 52 N. Y. 251; Bank v. Tracy, 77 Hun, 443, 29 N. Y. Supp. 77. In the present case it was not expected that there would remain any question of law arising out of the facts as found which might thereafter, as the law should be applied, determine the controversy for or against a particular party. Here the question was really one of fact, and when the jury made answer of the fact no question of law remained, as the fact itself determined the rights of the parties. It is undoubtedly true that a verdict was essential to be rendered upon all of the issues presented by the pleadings, at least upon those which were material to the controversy; but, when the contested question was answered, then the court was required to direct a proper verdict, upon the uncontested and really undisputed facts, in favor of the party who had received answer in their favor upon the only contested question in dispute.

It is evident that there was no mistrial of the action; but, on the contrary, the course of the trial and the attitude of the parties made the verdict which was rendered conclusive of the respective rights and interests, and only required a formal order of the court to make evidence of them, and thus to furnish a complete verdict, upon which judgment in accordance with the rights of the parties, either as conceded or settled by the verdict, might be entered.

It follows, therefore, that the verdict was proper, and the order should be affirmed, with $10 costs and disbursements. All concur.