HOWARD J. KRAMER, Appellant, v. GENEVIEVE KRAMER, Respondent.— Order in so far as appealed from modified so as to provide that the alimony be forty dollars a week and the counsel fee $1,000, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Young, Tompkins and Davis, JJ., concur; Hagarty, J., dissents and votes to affirm.

FLORA H. MacIVOR, Appellant, v. CHARLES H. SCHWARTZMAN and Others, Respondents.— Order denying plaintiff's motion for judgment and an extra allowance reversed on the law and the facts, without costs, motion granted, and judgment directed for plaintiff for the relief demanded in the complaint. The anomalous situation with respect to practice herein was due in part to the suggestion, in effect, of the trial court that the motion for judgment on behalf of the plaintiff would have to be made at a subsequent time. The verdict of the jury made of no practical moment any alleged issues of fact existing under the pleadings and proof, apart from the question thus submitted. The verdict was in substance and effect (even though not in form) a general verdict. (*Tracy* v. *Dolan*, 51 App. Div. 588.) The conduct of the parties in acquiescing in the submission of a single question of fact to the jury, there having been no motion made to submit any other questions, and the defendants having moved for a dismissal of the complaint and the plaintiff having moved for a direction of a verdict, indicates that the question submitted to the jury was decisive of the entire case, as indeed it was. Under such circumstances, following the verdict of the jury, judgment should have been directed and entered in favor of the plaintiff; and if there were any nominal questions of fact, apart from the real question of fact submitted to the jury for determination, they should have been determined by the trial justice and the entire matter then disposed of. The effect of the motion was to accomplish this very thing and it, therefore, should have been granted. This court will do that which should have been done at the close of the trial. The action is or has been made difficult within the meaning of section 1513 of the Civil Practice Act, and an extra allowance was proper. Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur. Settle order on notice.

CHARLES C. MACLACHLAN, Respondent, v. EDWIN WEISL and Others, Copartners Doing Business under the Firm Name of EDWIN WEISL & Co., Appellants.— Order denying motion to dismiss the complaint for insufficiency affirmed, with fifty dollars costs and disbursements, with leave to defendants to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

ELIZABETH R. MAREAN, Plaintiff, and WILLIAM H. GOOD and ANDREW F. VAN THUN, JR., as Executors, etc., of JOSIAH T. MAREAN, Deceased, Respondents, v. JOHN SCHEEPERS, Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and defendant's motion to dismiss the complaint for lack of prosecution granted, with ten dollars costs. In our opinion the plaintiffs' delay in not restoring the cause to the trial calendar between February, 1926, and September, 1932, was unreasonable and unjustifiable. Lazansky, P. J., Young, Scudder and Tompkins, JJ., concur; Kapper, J., dissents and votes to affirm. [See *post*, p. 829.]

MARY MARINO and RALPH MARINO, as Administrators, etc., of THOMAS MARINO,